IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>RANDOLPH STAIR AND RAIL COMPANY,<br>Respondent. | 5:14-CV-709-BR |
| WEAVER COOKE CONSTRUCTION, LLC,<br>Movant,<br><br>v.<br><br>EAST CAROLINA MASONRY, INC.,<br>Respondent. | 5:14-CV-710-BR |

ORDER

This matter is before the court on Weaver Cooke Construction, LLC's ("Weaver Cooke") motions for leave to appeal interlocutory orders of United States Bankruptcy Judge Stephani W. Humrickhouse. Respondents have filed responses to each motion.

**I. BACKGROUND**

The underlying bankruptcy case involves a dispute between more than twenty parties arising out of a real estate development project in New Bern, North Carolina. Case No. 09-10340-8-SWH; Adversary Proceeding No. 10-00023-8-SWH. Weaver Cooke served as the project's general contractor and subcontracted with each respondent. The disputes between the parties arise out of allegations that respondents' respective work on the development project was defective.

On 19 September 2014, the bankruptcy court granted Randolph Stair and Rail Company's ("Randolph") motion for summary judgment as to Weaver Cooke's negligence claim based on the economic loss rule. On the same day, the bankruptcy court partially granted East Carolina Masonry, Inc.'s ("ECM") motion for summary judgment as to Weaver Cooke's negligence claim based on the economic loss rule. Weaver Cooke now seeks leave to appeal each of these orders.

## II. LEGAL STANDARD

District courts have jurisdiction to hear appeals from interlocutory orders of bankruptcy courts, with leave of court, pursuant to 28 U.S.C. § 158(a)(3). Under section 158(c), bankruptcy appeals are to "be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts . . . ." 28 USC § 158(c)(2). Thus, "courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b)." Atl. Textile Grp., Inc. v. Neal, 191 B.R. 652, 653 (E.D. Va. 1996) (citations omitted). Under this standard, courts apply a two-prong test: a district court will grant leave to appeal when 1) the interlocutory order involves a controlling question of law as to which there is substantial ground for a difference of opinion, and 2) immediate appeal would materially advance the termination of litigation. See id.; North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995). The movant must satisfy both prongs, KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd., 250 B.R. 74, 79 (E.D. Va. 2000), and must additionally show "'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment,'" id. at 78 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

The Fourth Circuit has interpreted "controlling question of law" to mean "a narrow question of pure law whose resolution will be completely dispositive of the litigation . . . ." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. Apr. 26, 1989); see also Univ. of Va. Patent Found. v. General Elec. Co., 792 F. Supp. 2d 904, 910 (W.D. Va. 2011). This inquiry often blends with the second prong of the test concerning the potential for materially advancing litigation. See North Carolian ex rel. Howes, 889 F. Supp. at 852. An appeal that would require the court to delve into the facts of the case is not well-suited for interlocutory review. See Long v. CPI Sec. Sys., Inc., No. 3:12-cv-396, 2013 WL 3761078, at *2 (W.D.N.C. July 16, 2013) (stating that a controlling question of law is one which an appeals court can "decide cleanly and quickly"). Generally, no controlling question of law is implicated when an appeal "'turns on whether there is a genuine issue of fact or whether the district [court] properly applied settled law to the facts or evidence of a particular case.'" Clark Const. Grp., Inc. v. Allglass Sys., Inc., No. Civ. A. DKC 2002-1590, 2005 WL 736606, at *2 (D. Md. Mar. 30, 2005) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258 (11th Cir. 2004)).

### III. DISCUSSION

The "economic loss rule" refers to the "general rule in North Carolina [] that a breach of contract does not give rise to a tort action between the contracting parties." In re New Bern Riverfront Dev., LLC, Bankr. No. 09-10340-8-JRL, Adversary No. 10-00023-8-JRL, 2011 WL 5902621, at *4 (Bankr. E.D.N.C. May 24, 2011) (citing North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81 (N.C. 1978)). However, one exception to the rule exists if "the injury was to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee." Id.

3

After reviewing the details of the parties' contracts and the nature of the construction defects at issue, the bankruptcy court found that the damages that Weaver Cooke sustained related to property that was the subject of the parties' contracts. Thus, the court held that Weaver Cooke's negligence causes of action at issue in the instant motions fell under no exception to the economic loss rule and must be dismissed.[1]

Weaver Cook argues that its proposed interlocutory appeal presents a controlling question of law because the resolution of this issue will affect "numerous motions for summary judgment [that] have been filed by [other] third-party defendants relying upon the same legal theory," thereby materially affecting the outcome of litigation. (Case No. 5:14-cv-709, DE # 1, at 6-7; Case No. 5:14-cv-710, DE # 1, at 7.) While this is certainly one consideration in determining whether a controlling question of law exists, Weaver Cooke fails to recognize that it is insufficient to justify an immediate appeal. See Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991) ("Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court."). Specifically, Weaver Cooke has failed to show that the appeal presents "a narrow question of pure law whose resolution will be completely dispositive of the litigation . . . ." Fannin, 1989 WL 42583, at *5. Rather, in hearing this appeal, this court would be tasked with delving into the record to review the intricacies of the parties' contracts and the nature of the alleged construction defects. Such a fact-intensive

---

[1] The bankruptcy court only granted partial summary judgment as to Weaver Cooke's negligence claim against ECM, finding that the claim, as it related to certain alleged defects, did fit under an exception to the economic loss rule.

4

inquiry is not a "narrow question of pure law," and, thus, is not appropriate for interlocutory review.

## IV.  CONCLUSION

For the foregoing reasons, Weaver Cooke's motions for leave to appeal are DENIED.

This 17 November 2014.

                                            W. Earl Britt
                                            Senior U.S. District Judge